Roland E. **BARNES**

v.

**A. SIND & ASSOCIATES**, a corporation, **Abraham S. Sind and Israel Cohen.**

Civ. No. 14155.

United States District Court
D. Maryland.

Jan. 9, 1963.

Donald N. Rothman, Baltimore, Md., and Joseph L. Rauh, Jr., and John Silard, Washington, D. C., for plaintiff.

Edward Pierson and Pierson & Pierson, Baltimore, Md., and Morris D. Schwartz, Washington, D. C., for defendants.

THOMSEN, Chief Judge.

This is an action for "affirmative declaratory and injunctive relief in the nature of specific performance", requiring defendants to comply with the terms of an agreement to deliver to plaintiff a certain house and lot or an identical house on an equivalent lot and to pay to plaintiff the liquidated damages called for by the agreement, and for compensatory damages and other relief.

Defendants have moved:

"1. To strike the complaint on the ground that paragraphs 4 through 7, 9 through 13, parts of 14 and 18, and 19 and 20 contain matters which are redundant, immaterial and evidentiary.

"2. To dismiss the complaint on the following grounds:

"(a) There is no such corporation as 'A. Sind & Associates'.

"(b) The complaint fails to state a claim upon which relief can be granted."

■ 1. Rule 8(a), F.R.Civ.P., states that a complaint shall contain, inter alia, "(2) a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(e)(1) states: "Each averment of a pleading shall be simple, concise, and direct." The averments of this complaint lack conciseness; some of them are unnecessarily detailed, and if the action were only for breach of contract would be immaterial. However, the complaint includes a prayer for injunctive relief in the nature of specific performance, and most of the allegations of the paragraphs in question are material to the propriety of such relief. What is a "short and plain" statement depends upon the nature of the case. 2 Moore's Federal Practice, 2d ed., ¶ 8.13, p. 1653. The allegations are not redundant; they are evidentiary, but that is not fatal. Moore, op. cit., p. 1651.

■ "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party." Moore, op. cit., ¶ 12.21, pp. 2317–8. This Court agrees with the statement of Judge Delehant, quoted by Moore, " * * * that, short of abuse or practical impropriety, a reasonable latitude should be allowed to a pleader in the statement of his claim or defense; and that not every dubious or errant phrase in a pleading should be eradicated from it to suit the taste of a critical adversary. In practice, what matters is not alone whether the phrase is immaterial, but whether its presence, if it be immaterial, is calculated to be harmful." Sinkbeil v. Suhr, D.Neb., 7 F.R.D. 92.

■ Defendants will not be prejudiced by answering the allegations of the complaint. Plaintiff's elaboration will bring its own penalty, by making it

easier for defendants to avail themselves in many instances of the answer suggested by Official Form 20, F.R.Civ.P., that they are "without knowledge or information sufficient to form a belief as to the truth of the allegations contained in" certain paragraphs of the complaint.

Moore suggests, ¶ 12.21, p. 2319, that at times the court may properly defer action on the motion to strike until the trial. Such deferment would not be appropriate here, but the motion will be denied without prejudice to defendants' right to object to any evidence proffered at the trial as irrelevant or immaterial; by that time the issues will have been more clearly defined.

2(a). Rule 9(a) provides in pertinent part: "When a party desires to raise an issue as to the legal existence of any party * * *, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge".

■ The averment in the motion to dismiss that there is no such corporation as "A. Sind & Associates" is supported by the affidavit of the individual defendants. The fact is not admitted by plaintiff, who is pursuing the matter in discovery proceedings. Rule 12(c), as amended in 1946, contains the provision: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Although that provision is not directly applicable to the present situation, it provides a useful analogy. Paragraph 2(a) of the motion to dismiss will be treated as a motion for summary judgment; plaintiff shall file his counter affidavits within 15 days after he has completed his discovery; if no such counter affidavits are filed, the action will be dismissed as against the corporate de-

fendant. If plaintiff is so advised, he may amend his complaint by interlineation to show that defendants are partners, trading as "A. Sind & Associates". The non-existence of the corporation would not be a reason for dismissing the action against the individual defendants.

2(b). Counsel for defendants did not seriously press the contention that the complaint does not state a claim upon which some relief may be granted, although they deny the propriety of some of the relief requested. The motion to dismiss the complaint will be denied without prejudice to the right of defendants to question the propriety of any requested relief at the trial, or at a pretrial conference, which should be held promptly after the respective parties have completed their discovery.

It is so ordered.