744 P.2d 29

**Kristin GATECLIFF, a married woman, and Kevin Gatecliff, her husband, Plaintiffs-Appellants,**

v.

**GREAT REPUBLIC LIFE INSURANCE COMPANY, a Washington corporation, Defendant-Appellee.**

**No. 1 CA–CIV 8951.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 1, 1987.

Kunz and Waugh by Suzanne P. Clarke and Donald R. Kunz, Phoenix, for plaintiffs-appellants.

Stockton & Hing by Robert Ong Hing and Joyce Van Cott, Scottsdale, for defendant-appellee.

## OPINION

FIDEL, Judge.

Plaintiffs Kristin and Kevin Gatecliff appeal the trial court's dismissal of their complaint. We must decide: (1) whether the trial court lacked subject matter jurisdiction, (2) whether plaintiffs' complaint stated a claim upon which relief could be granted, (3) whether the cause was subject to dismissal under the doctrine of *forum non conveniens*, and (4) whether the trial court erred in basing a 12(b)(6) dismissal order on matters outside the complaint. (Rule 12(b)(6), Arizona Rules of Civil Procedure.)

Plaintiffs commenced this case by filing a complaint against a defendant denominated only as "Great Republic Life Insurance Company". In their complaint the plaintiffs described themselves as married California residents and the defendant as a Washington corporation with its principal place of business in California, authorized to do business in Arizona as a foreign insurer. Plaintiffs alleged that defendant had acted in contractual and tortious bad faith, entitling them to recover compensatory and punitive damages. Specifically, plaintiffs alleged that defendant had insured Kristin Gatecliff under a group medical insurance policy, but had cancelled the policy in bad faith upon notice from Kristin Gatecliff that she had contracted rheumatoid arthritis, a disease entailing medical treatment at mounting frequency and ex-

pense throughout her lifetime. As exhibits to their complaint, the plaintiffs attached memoranda, letters, a certificate of insurance, and a master group policy, all of which reflected California addresses for "Great Republic Life Insurance Company".

Defendant responded with a "motion to dismiss/motion for summary judgment," arguing (1) that the complaint failed to state a claim upon which relief could be granted, (2) that the court lacked subject matter jurisdiction, and (3) that the court should dismiss the action under the doctrine of *forum non conveniens*. In support, defendant filed an affidavit of James O'Hanlon, who stated:

1. I am Vice President and General Counsel of GREAT REPUBLIC LIFE INSURANCE COMPANY, a Washington insurer.

2. I have personal knowledge of all facts set forth in this Affidavit, I am authorized to execute this Affidavit, and I know each matter to be true.

3. GREAT REPUBLIC LIFE INSURANCE COMPANY is an insurer formed under the laws of the State of Washington. Its principal place of business and home offices are located in Seattle, Washington.

4. GREAT REPUBLIC LIFE INSURANCE COMPANY of Washington is authorized to transact insurance in the State of Arizona as a foreign insurer.

5. GREAT REPUBLIC LIFE INSURANCE COMPANY of California is a California insurer formed under the laws of the State of California and maintains its principal place of business and home offices in Santa Barbara, California.

6. GREAT REPUBLIC LIFE INSURANCE COMPANY, a California corporation, is a separate corporation from GREAT REPUBLIC LIFE INSURANCE COMPANY of Washington. GREAT REPUBLIC LIFE INSURANCE COMPANY of California is a subsidiary corporation of GREAT REPUBLIC LIFE INSURANCE COMPANY of Washington.[1]

7. GREAT REPUBLIC LIFE INSURANCE COMPANY of California is not authorized to transact insurance in Arizona as a foreign insurer, and maintains no offices, agents, employees or property in the State of Arizona.

8. GREAT REPUBLIC LIFE INSURANCE COMPANY of Washington did not issue the insurance policy which is the subject matter of the Complaint to Plaintiff KRISTIN GATECLIFF and does not cover Plaintiff KRISTIN GATECLIFF under any policy at issue in this lawsuit.

9. Plaintiffs' counsel, Donald R. Kunz, informed me that he is the father of Plaintiff KRISTIN GATECLIFF.

In a minute entry setting a briefing schedule and date for oral argument on defendant's motion, the trial court stated:

The Defendant's Motion to Dismiss/Motion for Summary Judgment will be considered as a Motion to Dismiss only because the Motion does not contain the statement of specific facts required by Uniform Rule IV(f).[2]

Despite the court's restrictive minute entry, defendant's counsel relied at oral argument on the O'Hanlon affidavit. He stated in part:

The complaint states that Great Republic is organized and existing under the laws of the State of Washington with its principal place of business in the State of California.

The affidavit that we supplied shows that's not true. The principal place of business of Great Republic of Washing-

---

**1.** We will refer to the appellee/defendant as "Great Republic of Washington" or "defendant" and the alleged California subsidiary as "Great Republic of California".

**2.** Rule IV(f), Uniform Rules of Practice of the Superior Court of Arizona, provides in part:
(f) Motions for summary judgment; statement of facts. Any party filing a motion for summary judgment shall set forth, separately from the memorandum of law, the specific facts relied upon in support of the motion. The facts shall be stated in concise, numbered paragraphs. As to each fact, the statement shall refer to the specific portion of the record where the fact may be found.

ton is the State of Washington. The principal place of business of Great Republic of California is the State of California. California is where the plaintiff resides, where her employer resides, where the offices of the insurance company are, where its employees are, where its agents are, where all the transactions occurred.

Plaintiffs' counsel replied that, because defendant failed to comply with Uniform Rule IV(f), he assumed that its motion would not be considered as a motion for summary judgment and that oral argument should be directed solely at its motion to dismiss.

Later in the argument this exchange occurred:

DEFENSE COUNSEL: This action, even if you were to find there was some misleading conduct, it would appear that plaintiff has to bring forward some indication that she had some dealing with a corporation which she's suing, the parent corporation. She's not done that.

Everyone who has had anything to do with this insurance policy, including plaintiffs and defendants, all are in the State of Arizona—excuse me—California. If the Court rules anything at all, it could rule the [forum] is simply not appropriate. It's not appropriate. There's no one here. There's no one in Arizona. There's been nothing to touch the State of Arizona.

THE COURT: Alright. This is a fascinating little case.

PLAINTIFF'S COUNSEL: I'd like the record to reflect, your Honor, the only reason I've not filed an affidavit is because of your Honor's order of November 7 of 1985, explicitly stating the motion today would be considered as a motion to dismiss only. Elsewise, of course, I would have filed an affidavit.

THE COURT: And the order did indicate that, and I do consider this as a motion to dismiss rather than as a motion for summary judgment, and I am going to grant the motion to dismiss.

I couldn't find anything that's on point on this. There are, I guess, a number of theories that you could talk about here, but it basically boils down to a question of whether or not there's any sort of basis upon which you can exercise—Arizona can exercise jurisdiction over an entity that doesn't seem to have done anything in Arizona to create a basis for Arizona exercising jurisdiction.

Now, the troubling part of this to me is that my decision here seems to be based upon a factual assertion—that is that there is a distinction between the two corporations—that's been controverted at this point.

Mr. Kunz, you have not had an opportunity or have not, because of the previous order of the Court, had any kind of an opportunity to present something on that point. It's not something you contested. If in fact you can establish some basis or you have some basis for believing that there really are not two separate corporate entities—

PLAINTIFF'S COUNSEL: I have no reason not to believe that, your Honor.

THE COURT: —then, I was going to say, I would be willing to give you some time to provide me with an affidavit to do something other than what we—present me something other than what you've already presented me. But as the case stands now, if I make the factual assumption that there are two separate corporate entities, then I simply don't see basis for jurisdiction.

PLAINTIFF'S COUNSEL: Very good, your honor.

(The proceedings concluded.)

On January 9, 1986, the trial court entered a formal order "granting Defendant's Motion to Dismiss." The order did not include the basis for dismissal. The trial court later denied plaintiffs' motion to alter or amend pursuant to Rule 59(*l*), Arizona Rules of Civil Procedure. Though asked to explain the basis for its order, the court declined to do so, indicating that its reasons were adequately expressed at the time of argument (the passage quoted above). The trial court awarded defendant its attorney's fees and costs. This timely appeal followed.

### Adequacy of Findings

■ We first address the trial court's refusal to elaborate on the basis for its ruling. Our Supreme Court has recently urged trial judges "to articulate their reasoning so appellate courts can determine on appeal whether the ruling was erroneous." *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 495 n. 3, 733 P.2d 1073, 1078 n. 3 (1987). Although recorded bench comments are an expeditious and generally adequate method for a busy trial court to explain its ruling (see, for example, Rule 52(a), Arizona Rules of Civil Procedure), we find the trial court's oral comments in this case inadequate. Defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim, under 12(b)(1) for lack of subject matter jurisdiction, and upon the ground of *forum non conveniens*. Of these three grounds for dismissal, only the first would have accomplished a disposition on the merits. A 12(b)(6) dismissal, unlike dismissal for reasons enumerated in the other subsections of Rule 12(b), disposes of the merits and takes *res judicata* effect. 2A Moore's *Federal Practice*, § 12.07 at 12–45. When, as here, a trial court is presented with alternative 12(b) grounds for dismissal, 12(b)(6) among them, it is particularly important that the court make its basis for dismissal explicit, so that the parties, reviewing courts, and other courts who may be required to interpret its order, will not be left to guess whether the order resolves the merits of the claim.

### Subject Matter Jurisdiction

Turning to potential bases for dismissal, we first consider whether the trial court could have properly dismissed plaintiff's case for lack of subject matter jurisdiction. In the trial court Great Republic of Washington argued that, because the plaintiff's insurance policy was issued by Great Republic of California, assertedly a separate corporation not before the court, the court

lacked subject matter jurisdiction.[3] Defendant reasoned in part:

> This Court has no subject matter jurisdiction over a cause of action against a defendant to which the allegations [of the complaint] are not applicable. ... The allegations have no applicability to the named Defendant, GREAT REPUBLIC of Washington. The subject matter, therefore, does not pertain to a Defendant over which the Court has jurisdiction.

■ As a preliminary matter, we observe that the trial court could appropriately have considered factual assertions in deciding the motion to dismiss for lack of subject matter jurisdiction. When the court's subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the court may take evidence and resolve factual disputes essential to its disposition of the motion; but such preliminary jurisdictional fact-finding is not equivalent to summary judgment. *See* Rule 12(b), Arizona Rules of Civil Procedure; 2A Moore's *Federal Practice*, § 12.07 at 12–46 (1984). According to Moore,

> this is a crucial distinction between a motion under [Rule 12(b)(1)] and [Rule 12(b)(6)]. In the latter instance, materials outside the complaint may not be considered unless the motion is converted to one for summary judgment. Consideration of such material does not convert a Rule 12(b)(1) motion into one for summary judgment. Otherwise, the very existence of a factual dispute, which the court is empowered to resolve under Rule 12(b)(1), would, under the standards of Rule 56, require denial of the motion.

2A Moore, *supra*, § 12.07, at 12–48.

■ Similarly, without converting the motion to one for summary judgment, a court may consider affidavits, depositions, and exhibits and conduct an evidentiary hearing if necessary to resolve a rule 12(b)(2) challenge to its personal jurisdiction over a litigant. *See* Rule 12(b), Arizona Rules of Civil Procedure; 2A Moore, *supra*, § 12.07, at 12–55 to 12–60.[4]

---

**3.** Defendant eschewed this argument in its answering brief and candidly abandoned it in oral argument. We nonetheless address the issue,

because the trial court's comments and order leave unspecified the basis for dismissal.

**4.** Rule IV, Uniform Rules of Practice of the Superior Court, which requires separate state-

In short, the trial court could have properly given both sides the opportunity to advance facts pertinent to a colorable jurisdictional challenge. However, the defendant's notion that the superior court lacked subject matter jurisdiction in this case was flatly wrong. The Arizona Supreme Court has defined subject matter jurisdiction as follows:

> Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question.

*Sil-Flo Corp. v. Bowen*, 98 Ariz. 77, 81–82, 402 P.2d 22, 25 (1965), quoting from *Foltz v. St. Louis & S.F. Ry.*, 60 F. 316, 318 (8th Cir.1894). *See also State ex rel. Baumert v. Mun. Ct.*, 124 Ariz. 543, 606 P.2d 33 (App.1979) ("The existence of subject matter jurisdiction is determined by the general nature of the charge contained in the complaint.") The plaintiffs here claim damages for breach of contract and insurer bad faith. The Superior Court of Arizona unquestionably has jurisdiction over abstract questions of this kind. *See, e.g., Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 733 P.2d 1073 (1987); Ariz. Const. art. VI, § 14; A.R.S. § 12–122. Plaintiffs' action could not properly have been dismissed for lack of subject matter jurisdiction.

### Personal Jurisdiction

We next address the question of personal jurisdiction. We do so not because the defendant raised the issue, but because the trial court injected considerations pertinent to the analysis of personal jurisdiction into its determination of defendant's motion. ("[I]t basically boils down to a question of whether or not ... Arizona can exercise jurisdiction over an entity that doesn't seem to have done anything in Arizona to create a basis for Arizona exercising jurisdiction.") Personal jurisdiction is the power of a court to require a party to appear before it and to subject that party to its judgment and mandate. In determining whether its personal jurisdiction extends to a non-resident defendant doing no business within the state, an Arizona court must consider whether the defendant has had sufficient contact with the state to fairly require it to defend here. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Northern Propane Gas Co. v. Kipps*, 127 Ariz. 522, 622 P.2d 469 (1980).

The trial court was plainly concerned with personal jurisdiction over at least one of the Great American entities when it questioned whether the entity had "done anything in Arizona to create a basis for Arizona exercising jurisdiction." Yet Great Republic of Washington, which is authorized to do business in Arizona, did not contest the personal jurisdiction of the court. Great Republic of California, allegedly a separate corporation, was not a party defendant, and its susceptibility to the court's personal jurisdiction was not a question before the court. Upon this state of the pleadings, plaintiffs' action could not properly have been dismissed for lack of personal jurisdiction.

### 12(b)(6): Stating a Claim

Finding no jurisdictional basis for dismissal, we consider whether plaintiffs' complaint was dismissable under Rule 12(b)(6), Arizona Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. A 12(b)(6) dismissal, as we have indicated, disposes of the merits and takes *res judicata* effect. For this reason such dispositions are not fa-

---

ments of facts for motions for summary judgment, does not, as presently drafted, address factual assertions in motions to dismiss under Rule 12(b)(1) or Rule 12(b)(2), Arizona Rules of Civil Procedure.

vored. When a complaint is the target of a rule 12(b)(6) motion, the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences which the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts which will entitle them to relief upon their stated claims. *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App.1981).

The complaint of these plaintiffs attributes conduct to defendant that, as a matter of substantive law, constitutes a legal basis for recovery. Defendant does not claim otherwise. Rather, its argument derives from the exhibits appended to the complaint; these exhibits provide only California addresses for an entity named "Great Republic Life Insurance Company" and contain no indication that that entity had offices, personnel, policy holders, or responsibilities outside California. Defendant argues:

> Plaintiffs did not have sufficient allegations to support any connection between the Defendant, a Washington corporation doing business in Arizona, and the entity based in California which Plaintiffs claimed owed them certain duties and responsibilities.

■ This reasoning is flawed. The documents appended to the complaint do not necessitate the inference that the policy was issued by a California corporation separate and distinct from the Washington defendant. They would equally fit the proposition that defendant Great Republic of Washington conducted business with California residents such as plaintiffs through a California office. Whatever the ultimate validity of this proposition, it was theoretically compatible with the allegations of the complaint. If one considers only those allegations and the contents of the exhibits to the complaint, the possibility that there might exist two distinct companies called "Great Republic Life Insurance Company" does not even suggest itself. Great Republic of Washington's argument that plaintiffs' complaint did not sufficiently allege a connection between itself and

Great Republic of California necessarily presupposes consideration of material outside the complaint, i.e., the O'Hanlon affidavit. The argument thus is legally insufficient to establish that *the complaint itself* failed to state a claim upon which relief could be granted.

### 12(b)(6): Matters Outside the Complaint

We turn to the question whether the trial court could have appropriately based a 12(b)(6) ruling on the O'Hanlon affidavit. Rule 12(b), Arizona Rules of Civil Procedure, provides in pertinent part:

> If, on a motion asserting the defense numbered 6 to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Arizona courts have consistently acknowledged and enforced these requirements. *See, e.g., Allison v. State*, 101 Ariz. 418, 420 P.2d 289 (1966); *Accord Chandler v. Coughlin*, 763 F.2d 110 (2d Cir.1985). The opposing party's right under Rule 12(b)(6) to "reasonable opportunity to present all material made pertinent to such a motion by Rule 56" includes the right to some indication from the court that it is treating the Rule 12(b)(6) motion as one for summary judgment. *Dale v. Hahn*, 440 F.2d 633 (2d Cir.1971). On appeal from judgment for the defendants in *Dale*, the Second Circuit stated:

> Here the district judge gave no indication that he was going to consider anything but the pleadings, plaintiff filed no counter-affidavit, and the factual issue ... was resolved against her on defendants' affidavits alone. This was error.

*Id.* at 638. *See also Pulos v. Little*, 4 Ariz.App. 514, 516–17, 422 P.2d 145, 147–48 (1967); 2A Moore, *supra*, § 12.09, 12–79–82 and n. 8.

In this case, not only did the trial court give no indication before argument that it

would treat defendant's motion as one for summary judgment; it expressly advised the parties by minute entry that it would not do so. As argument progressed, however, the trial court initially reiterated, but later transgressed, its own restriction and grounded its ruling for defendant upon the substance of the O'Hanlon afffidavit. As one court has stated:

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed. R.Civ.P. 56. *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir.1969); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1366, at 679 (1969). This was not done, and from the record we cannot say beyond peradventure that there is nothing the plaintiff could adduce that would create a genuine issue of material fact. Therefore, we must remand the case for further proceedings.

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573, 55 A.L.R.Fed. 380 (5th Cir.1980). *See also Barnes v. A. Sind & Ass'n.*, 32 F.R.D. 39 (D.Md.1963).

■ We, like the court in *Murphy*, "cannot say beyond peradventure" that these plaintiffs, if permitted discovery, could produce no evidence to raise a genuine issue of material fact on a theory of liability cognizable under the allegations of the complaint.

Defendant, however, invokes the colloquy between the trial court and plaintiffs' counsel at argument on defendant's motion, quoted *supra* at 32–33, and contends that plaintiffs were offered, but waived, an adequate chance to respond to O'Hanlon's affidavit. We disagree. The court appropriately acknowledged that its decision was about to turn on the O'Hanlon affidavit and offered plaintiffs' counsel the chance to

present further evidence if he had "some basis for believing that there [were] really not two separate corporate entities." This offer, however, did not go far enough. The trial court's inquiry to plaintiffs' counsel presupposed that the defendant could only face liability under the allegations of the complaint if the plaintiff developed evidence that Great Republic of Washington and Great Republic of California were one and the same corporation. That, in our view, too narrowly gauges the potential reach of plaintiffs' complaint. Even if the corporations are separate but related, as the O'Hanlon affidavit states, discovery directed to their interrelationship might yield theories of the Washington parent's liability based on an alter ego theory or under the law of agency or *respondeat superior.* The trial court did not give plaintiffs an adequate chance to pursue such theories.[5] Its order under 12(b)(6) cannot be fairly left to stand.

### *Forum Non Conveniens*

■ Finally, we consider defendant's contention that the trial court's dismissal order is sustainable under the doctrine called *forum non conveniens* (inconvenient forum). We reject this view for several reasons. First, the record demonstrates that the court did not base dismissal on *forum non conveniens.* Further, although defendant has asserted both to the trial court and to this court that all facts concerning the plaintiffs' insurance transaction compel deference to California as the forum state, neither the complaint nor the O'Hanlon affidavit adequately supplies such facts. Last, as this court has previously stated:

> An essential premise of any application of the doctrine of *forum non conveniens* is the availability of an alternative forum.

*Avila v. Chamberlain*, 119 Ariz. 369, 372, 580 P.2d 1223, 1226 (App.1978). We find nothing in the record to affirmatively indicate that defendant would be amenable to process in California.

---

**5.** We express no opinion about the ultimate viability of these theories; nor by listing them do we limit the theories that plaintiffs might properly advance.

**510**

Defendant argues that if plaintiffs prevail on this appeal, they will be unable to obtain Arizona jurisdiction over Great Republic of California and that, because Great Republic of California will be an indispensable party, their complaint will face dismissal under Rule 19, Arizona Rules of Civil Procedure. Defendant did not raise the defense of failure to join an indispensable party in the trial court, but may do so on remand as permitted by Rule 12(i)(2), Arizona Rules of Civil Procedure. We express no opinion on the merits of that defense and leave it for appropriate determination by the trial court.

### Attorney's Fees

Plaintiffs have moved for an award of attorney's fees on appeal under A.R.S. § 12–341.01(A) and (B). They argue that they have qualified as the prevailing parties by achieving reversal of a ruling central to the case and are entitled to an award of attorney's fees under *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 389, 710 P.2d 1025, 1044 (1985) (supplemental opinion). We cannot agree. *Wagenseller* held that an appellant who wins an appeal may qualify as the "successful party" under A.R.S. § 12–341.01(A), despite the absence of a favorable final judgment, if the order reversed on appeal is "central" to the case and "if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit." 147 Ariz. at 393–94, 710 P.2d at 1048–49. The appellant in *Wagenseller* prevailed on significant issues of substantive law, including the question whether the Arizona Supreme Court should recognize a new exception to the employment-at-will doctrine. In contrast, plaintiffs prevail in this appeal by application of settled principles of procedural law and achieve only the reinstatement of an as yet unanswered complaint. We deny plaintiffs attorney's fees at this stage of the proceedings, but do so without prejudice to their ability to include the time and cost of this appeal in a subsequent fee request to the trial court if they ultimately prevail on the merits.

We reverse and remand for proceedings consistent with this opinion.

GRANT, P.J., and CONTRERAS, J., concur.