NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

_____

HOLDER CONSTRUCTION GROUP, LLC, a Georgia limited liability company, *Plaintiff/Appellant,*

*v.*

ARIZONA BOARD OF REGENTS, a body corporate acting and purporting to act by and through Northern Arizona University; JOHN D. HAEGER, President, Northern Arizona University, *Defendants/Appellees.*

_____

CARTER & BURGESS, INC., a dissolved Texas Corporation, *Plaintiff in Intervention/Appellant,*

*v.*

ARIZONA BOARD OF REGENTS, a body corporate acting and purporting to act by and through Northern Arizona University; JOHN D. HAEGER, President, Northern Arizona University, *Defendants in Intervention/Appellees.*

No. 1 CA-CV 14-0390
FILED 6-25-2015

_____

Appeal from the Superior Court in Maricopa County
No. LC2013-000110-001
The Honorable J. Richard Gama, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

_____

COUNSEL

Jennings Haug & Cunningham LLP, Phoenix
By D. Kim Lough
*Counsel for Plaintiff/Appellant*

Holm Wright Hyde & Hays PLC, Phoenix
By Brad Holm and Justin Holm
*Counsel for Plaintiff/Appellant*

Lewis Roca Rothgerber LLP, Phoenix
By Robert F. Roos and Kimberly A. Demarchi
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

**¶1** Appellants, Holder Construction Group ("Holder") and Carter & Burgess ("C&B"), appeal from the trial court's order granting Appellees' motion to dismiss their complaints. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Appellants contracted with Northern Arizona University ("NAU") to design and build a science lab building. In their contracts, both C&B and Holder agreed to submit any disputes "relating to" the project to an administrative dispute resolution process "handled in accordance with" Arizona Board of Regents ("ABOR") policy 3-809(C).

**¶3** Because of alleged defects in the design and construction, NAU filed an administrative claim with the NAU procurement officer pursuant to the subject dispute resolution provision.

**¶4** In an effort to avoid the dispute resolution procedure designated in the contracts, Appellants filed a special action in superior

2

court against ABOR[1] and NAU's president.  The complaints sought a writ of prohibition on the grounds that (1) Appellants were not contractually bound to submit the dispute to the ABOR policy 3-809 procedures, and (2) policy 3-809 violated Appellants' due process right.  Appellants' due process argument rested on the allegation that ABOR policy 3-809 permitted NAU to act as both claimant and final judge of the dispute in violation of Appellants' right to a fair and impartial tribunal.

¶5        Appellees filed a motion to dismiss the complaints, arguing that Appellants had agreed to and were contractually bound to follow the procedures outlined in ABOR policy 3-809.  Appellees also asserted that Appellants had waived any due process objections to policy 3-809 when they signed the contract.  Finally, Appellees contended that Appellants' due process argument failed because NAU's president had delegated final decision-making authority to a hearing officer, and as a result he was not the final judge of the dispute.

¶6        Appellants responded by arguing the hearing officer could not serve as an impartial judge because he was unilaterally chosen and paid by Appellees, and thus, had an impermissible pecuniary interest in the proceedings.

¶7        The trial court granted Appellees' motion to dismiss.  The court interpreted the contracts to dictate that policy 3-809 outlined the exclusive procedure for dispute resolution between the parties.  After concluding that Appellants had contractually waived any due process arguments, the trial court went on to find that, because NAU's president had delegated final decision-making authority to a hearing officer, there was no due process violation. The court dismissed Appellants' arguments that the hearing officer had a financial interest in the proceedings, finding Appellants had failed to present "substantial evidence" showing that the hearing officer had a direct and personal pecuniary interest. Appellees also requested and received an award of attorneys' fees.  Appellants timely appealed.

---

[1]        ABOR was sued in its capacity acting on behalf of, and through, NAU.

**DISCUSSION**

I.      Standard of Review

**¶8**      We review a trial court's grant of a motion to dismiss for failure to state a claim de novo. *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 7 (App. 2014).

**¶9**      We will affirm the dismissal of a complaint "only if the plaintiff is not entitled to relief 'under any facts susceptible of proof under the claims stated.'" *Linder v. Brown & Herrick*, 189 Ariz. 398, 402 (App. 1997) (quoting *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186 (1984) (overturned on other grounds)). We assume the truth of all of the complaint's material allegations and give the plaintiff "the benefit of all inferences which the complaint can reasonably support." *Luchanski v. Congrove*, 193 Ariz. 176, 179, ¶ 17 (App. 1998) (quoting *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987)).

II.      Application of ABOR Policy 3-809

**¶10**      Appellants argue they are not contractually bound to submit their dispute to ABOR policy 3-809's procedure. They argue policy 3-809 only applies to disputes arising during the performance of the work and not, as here, to disputes arising after the work is completed. C&B also claims the contractual provision directing compliance with the ABOR policy only applies to disagreements between ABOR and Holder.

**¶11**      The trial court properly considered the underlying contracts and ABOR policy 3-809 in deciding the motion to dismiss. Where, as here, a party attaches a contract to its complaint, the contract may be considered as part of the complaint for the purposes of a motion to dismiss. Ariz. R. Civ. P. 10(c); *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (stating that documents necessarily embraced by the complaint are not matters outside the pleadings).

**¶12**      When interpreting a contract, the court must give effect to the parties' intent. *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009). "A general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Id.* (quoting *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006)). We look to "the plain meaning of the words in the context of the contract as a whole" to give effect to the parties' intent. *Grosvenor*, 222 Ariz. at 593, ¶ 9.

¶13 The procedures outlined in policy 3-809 may be applied to the parties' dispute. The parties agreed to submit any unresolved dispute or disagreement to the dispute resolution process outlined in ABOR policy 3-809. Although policy 3-809 is, by its terms, limited to disputes arising during the performance of the work, the parties had the power to apply those dispute resolution procedures to any disputes that would arise from their contractual relationship.

¶14 Here, under the plain terms of both contracts it is clear that the dispute resolution procedure, including ABOR policy 3-809, applies to the parties' dispute. The disputes and remedies section of the contract between C&B and ABOR states that all disputes, disagreements, claims and controversies relating to the project "shall be handled in accordance with [ABOR] Policy Section 3-809(C)." Likewise, Article 11.2.2 of the contract between Holder and ABOR directs the parties to submit all disputes or disagreements to the procedures outlined in section 3-809. The terms "dispute" or "disagreement" in each of these provisions are not limited to those arising during the performance of the work.

¶15 Contrary to C&B's assertion, policy 3-809 applies to ABOR's claim against C&B even though ABOR also has a claim against Holder. C&B's contract provides that any dispute involving both C&B and Holder "shall be handled . . . subject to the procedures" set forth in Article 11 of Holder's contract with ABOR. The parties' intent is made clear by the provision directing them to handle disputes in accordance with Article 11 of the Holder agreement "even if the matter involves [C&B]."

¶16 Additionally, Article 11.3.1 of Holder's contract provides that the claims of all the parties may be consolidated into a single ABOR proceeding. Article 11 contains broad language stating that "all other parties involved in any claim, controversy, dispute or disagreement relating to the [w]ork . . . can be made parties to . . . any dispute resolution proceeding initiated pursuant to this Agreement."

¶17 The parties' dispute arises from Holder and C&B's allegedly defective design and construction work. This work undeniably was carried out "during the [p]roject." Accordingly, we affirm the trial court's conclusion that the parties contracted to submit this dispute to ABOR/NAU's administrative process, which was governed by the procedures set forth in ABOR policy 3-809.

III.     Exhaustion of Administrative Remedies

¶18         Appellees argue we should affirm the trial court's dismissal of Appellants' due process claims because Appellants failed to exhaust their administrative remedies before seeking judicial review.  As a general rule, parties are required to exhaust administrative remedies before seeking the relief in superior court that could be granted in the administrative proceedings.  *Smith v. Ariz. Citizens Clean Elec. Comm'n*, 212 Ariz. 407, 416, ¶ 48 (2006).   The purpose of requiring exhaustion of administrative remedies is "to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."  *Medina v. Ariz. Dep't of Transp.*, 185 Ariz. 414, 417 (App. 1995).

¶19         However, where the administrative proceeding would add nothing to the court's ability to evaluate and resolve the legal issues presented by a claim, we may address an unexhausted issue.  *Ariz. Assoc'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 14, ¶ 23 (App. 2009) (stating that exhaustion is not required when "the individual facts of [a plaintiff's] particular grievances would not aid judicial economy or sharpen the legal issues").   Exhaustion is not required when "[t]here is nothing about the administrative process in th[e] case that would be harmed, and nothing about the judicial process that would be helped, if exhaustion were required."  *Id.* (quoting *Bailey-Null v. ValueOptions*, 221 Ariz. 63, 71, ¶ 26 (App. 2009)).

¶20         The trial court was not barred from considering Appellants' due process claim based on Appellants' failure to exhaust administrative remedies.  Appellants argue their due process rights are violated because the final decisionmaker is a designee of the claimant who is unilaterally chosen and paid by the university.  Resolution of this claim does not implicate the factual record of the parties' disputes nor does it require the expertise of the administrative agency.

IV.     Due Process

¶21         Appellees argue that Appellants waived any due process challenge they may have to ABOR policy 3-809 and its application in this case.  In support of this contention, Appellees point to the contractual provision that "waives any objections" to the ABOR procedures.

¶22         "A valid waiver of constitutional rights must be voluntary, knowing, and intelligent."  *Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 558, ¶ 10 (App. 2002).  "The right to a 'fair trial in a fair tribunal'

is, of course, intrinsic to due process." *Pavlik v. Chinle Unified Sch. Dist. No. 24*, 195 Ariz. 148, 152, ¶ 12 (App. 1999). Due process similarly guarantees the right to "receive a fair administrative hearing and have a decision rendered by an impartial decisionmaker." *Id.*

**¶23** The plain language of the parties' contracts does not support Appellees' argument. Here, the contracts provide that the parties' sole remedy for resolving disputes is the ABOR administrative process, and that the parties "waiv[e] any objections" to this procedure. However, absent from this contractual language is any express waiver of the parties' due process rights, including their right to a fair and impartial hearing officer. *See Fuentes v. Shevin*, 407 U.S. 67, 95–96 (1972).

**¶24** Appellees also argue Appellants have failed to show their due process rights were violated by any purportedly impermissible pecuniary interest on the part of the hearing officer.

**¶25** Although "[t]he combination of investigatory and adjudicatory functions does not, without more, constitute a due process violation," *Rouse v. Scottsdale Unified Sch. Dist. No. 48*, 156 Ariz. 369, 373 (App. 1987), due process is violated if the decisionmaker's situation "would offer a possible temptation to the average man as a judge to forget the burden of proof required . . . or which might lead him not to hold the balance nice, clear, and true between the [parties]." *Ward v. Vill. of Monroeville, Ohio*, 409 U.S. 57, 60 (1972); see also *Pavlik*, 195 Ariz. at 152, ¶ 13. "A statutory scheme may violate due process if the adjudicator has a direct and personal pecuniary interest in the outcome of its decisions." *Pavlik*, 195 Ariz. at 152, ¶ 14; *see also Ward*, 409 U.S. at 60 (stating that subjecting one's case to a judge who has a direct, personal, substantial pecuniary interest in reaching a conclusion against him violates due process).

**¶26** Here, the complaint alleged that Appellants were deprived of due process by being compelled to participate in dispute resolution whereby the claimant (ABOR/NAU) was also the decisionmaker (NAU's president). The plaintiffs alleged policy 3-809 violates due process because it allows the University President to preside over a contract dispute to which the University itself is a party. The Appellants also alleged that, because the hearing officer to whom the dispute is first submitted is a designee or representative of the president, "the president of NAU is the final judge of claims and controversies arising out of the procurement services."

¶27 Beginning with Appellees' motion to dismiss, the briefings of the parties directed the trial court to evidence outside the pleadings. Appellees submitted an email showing that NAU's president was not going to decide the dispute because he had delegated final decision-making authority to a hearing officer. Based on this evidence, the trial court determined that the NAU president was not the actual adjudicator of the parties' dispute. In light of this determination, Appellants introduced evidence showing that the hearing officer, a contractor selected by and paid by the university, had an impermissible pecuniary interest in the outcome of the dispute resolution. Both parties submitted additional evidence in the briefings related to Appellants' motion for summary judgment.

¶28 In reaching its decision, the trial court expressly stated that it was relying solely on the pleadings, and yet it relied on facts outside the pleadings in making its determination. In determining whether the university's appointment of the hearing officer violated due process, the trial court stated:

> Plaintiffs, as the parties seeking to establish institutional bias on the basis of pecuniary interest, have the burden of establishing that the interest is direct and personal, not generalized and speculative. Under these circumstances, these Plaintiffs have failed to meet this burden. The record is devoid of any *substantive evidence* that rebuts the presumption that the process will be fair and impartial.

(Emphasis added).

¶29 The court's reliance on evidence outside the pleadings was an abuse of discretion. "The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment." *Gatecliff*, 154 Ariz. at 509 (citing *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980)). Therefore, when a court relies on matters outside the pleadings, it is required to convert a motion to dismiss "into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion." *Id.*; *see also* Ariz. R. Civ. P. 12(b) (stating that where matters outside the pleadings are presented to and not excluded by the court in a 12(b)(6) motion, "the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent" by Rule 56).

¶30　　　　Here, the trial court expressly limited itself to the pleadings, and stated that it would "take no action" on Appellees' motion for summary judgment.　Indeed, the trial court did not even apply a summary judgment standard in making its ruling.　In its written findings, the trial court makes no reference to the absence of a "genuine dispute as to any material fact"; rather, it simply concludes, in an apparent weighing of the evidence, that there is no "substantive evidence" proving pecuniary bias by the hearing officer.　*See* Ariz. R. Civ. P. 56(a).

## CONCLUSION

¶31　　　　For the reasons discussed above, we vacate the trial court's order granting Appellees' motion to dismiss and remand for further proceedings on the due process issue.　However, we affirm the trial court's finding that Appellants are contractually bound to submit the subject dispute to the ABOR policy's administrative procedure.

¶32　　　　We also vacate, without prejudice, the trial court's award of attorneys' fees to Appellees.　Based on our decision, no party has prevailed at this time and the award is premature.　Further, in our discretion we deny both parties' requests for fees on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

9