NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PRIME EARTH DEVELOPMENT COMPANY, LLC, *Plaintiff/Appellant*,

*v.*

UNDER THE TENT, LLC, *Defendant/Appellee*.

No. 1 CA-CV 15-0084
FILED 3-24-16

Appeal from the Superior Court in Maricopa County
No. CV2014-053898
The Honorable Thomas L. LeClaire, Judge (Retired)

**AFFIRMED**

COUNSEL

Theobald Law, PLC, Phoenix
By Scott M. Theobald, Mark A. Nickel
*Counsel for Plaintiff/Appellant*

Polsinelli PC, Phoenix
By Paul J. Roshka, Jr., Craig M. Waugh
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

¶1 Prime Earth Development Company, LLC ("PEDCO") appeals the trial court's order granting a Rule 12(b)(6) Motion to Dismiss by Under the Tent, LLC ("UTT"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 PEDCO is a limited liability investment company that raises capital and buys raw land for investment purposes. It manages three companies: Hidden Valley Ranch I, LLC; Hidden Valley Ranch II, LLC; and Phoenix-Tucson Ranch, LLC (collectively "Managed Companies").

¶3 This appeal arises out of one of several civil actions PEDCO brought against five of its investor members (the "Five Members") in response to their arbitration demand to compel PEDCO to produce its financial records.

¶4 After repeated refusals by PEDCO to share the financial records, the Five Members filed a demand for arbitration with the American Arbitration Association, pursuant to PEDCO's and the Managed Companies' operating agreements. The Five Members formed UTT to collect funds to cover the cost of the arbitration proceedings and protect their investments in PEDCO and the Managed Companies.

¶5 The Five Members obtained from PEDCO the names and addresses of members of PEDCO and the Managed Companies. On June 16, 2014, the Five Members sent a letter (the "June 16 Letter") to other members of PEDCO and the Managed Companies, expressing their concerns regarding PEDCO's reluctance to allow them to inspect PEDCO's financial records, and asking the members to contribute and support their efforts to access this information. PEDCO then sought to amend its operating agreement to disallow arbitration in any action seeking declaratory relief. The Five Members sent another letter on July 1, 2014 to

other members (the "July 1 Letter"), urging rejection of the proposed amendment.[1]

¶6 Approximately two weeks later, PEDCO filed the present action against UTT, alleging that UTT had intentionally interfered with PEDCO's economic relations, performance of a contract, and prospective economic advantage; and seeking injunctive relief to stop UTT's further improper acts, and a declaratory judgment that UTT was not a member of PEDCO. UTT moved under Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief could be granted; the trial court granted the motion. Ariz. R. Civ. P. 12(b)(6). A final judgment to this effect was entered, and PEDCO timely appealed.[2] We have appellate jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[3]

**ANALYSIS**

¶7 On appeal, PEDCO contends the trial court erred in not converting the motion to dismiss to one for summary judgment since it considered material extraneous to PEDCO's pleading, and in granting the motion to dismiss.[4]

---

[1] For the balance of this decision, we refer to the June 16 and July 1 Letters collectively as "the Letters."

[2] PEDCO originally appealed from an unsigned minute entry. We stayed the appeal to allow PEDCO to obtain a final signed judgment below; after such a judgment was entered, we reinstated the appeal.

[3] We cite to a statute's current version absent material revisions since the relevant date.

[4] In its briefing to this court, PEDCO has failed to include any citation to the record on appeal. An appellant must cite to the record in the statement of facts or in the argument section of the opening brief. ARCAP 13(a)(4) & 13(a)(7). Failure to do so may constitute waiver of the issues raised in the brief. *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 n.2, ¶ 7, 263 P.3d 683, 686 n.2 (App. 2011). In the exercise of our discretion, however, we will consider the merits of PEDCO's arguments. *See id.* (stating the appellate court may entertain deficient briefs on merits).

### I. Converting to Motion for Summary Judgment

**¶8** We review the court's decision whether to convert a Rule 12(b)(6) motion to one for summary judgment for abuse of discretion. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC,* 224 Ariz. 60, 61–62, ¶ 1, 226 P.3d 1046, 1047–48 (App. 2010).

**¶9** "If 'matters outside the pleading' are considered, the motion must be treated as one for summary judgment." *Coleman v. City of Mesa,* 230 Ariz. 352, 356, ¶ 9, 284 P.3d 863, 867 (2012); *accord* Ariz. R. Civ. P. 12(b). The complaint's exhibits, or public records regarding matters referenced in the complaint, are not considered to be "outside the pleadings." *Coleman,* 230 Ariz. at 356, ¶ 9, 284 P.3d at 867. Similarly, documents that are not attached but are considered central to the complaint are not considered outside of the subject pleadings, nor is extraneous material that does not add to or subtract from the sufficiency of the pleadings. *Strategic,* 224 Ariz. at 63–64, ¶¶ 8, 14, 226 P.3d at 1049–50.

**¶10** In examining the sufficiency of the pleadings, the trial court appears to have considered the June 16 Letter, the July 1 Letter, and the operating agreements of PEDCO and the Managed Companies. PEDCO did not attach those documents to the complaint, but specifically referenced them, and based its cause of action on statements in the Letters, the alleged breach of those operating agreements, and the alleged increased cost for enforcing those agreements. These documents are therefore central to the complaint. And, PEDCO may not turn its decision to not attach those central documents as exhibits into a defense, or argue the court should not have considered them in determining the sufficiency of its complaint.

**¶11** PEDCO also contends the trial court should not have examined the merits of the arbitration demand and its motivation for filing the present lawsuit. Though the court acknowledged its existence, nothing in the record suggests that it relied on or otherwise addressed the merits of the arbitration demand. And the court's comment as to PEDCO's motivation had no bearing on whether the complaint states a claim upon which relief can be granted; accordingly, the trial court did not err in not converting the Rule 12(b)(6) motion to one for summary judgment.

### II. Motion to Dismiss

**¶12** We review a trial court's ruling granting a Rule 12(b)(6) motion to dismiss *de novo. Coleman,* 230 Ariz. at 355, ¶ 7, 284 P.3d at 866. A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted. Ariz. R. Civ. P. 12(b)(6). In

determining the motion, "the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences [that] the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts [that] will entitle them to relief upon their stated claims." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (App. 1987). The court does not "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005).

¶13            In count 1 of the complaint, PEDCO alleged UTT tortiously interfered with PEDCO's economic relations, performance of a contract, and prospective economic advantage. To establish tortious interference with contractual relations, a plaintiff must prove: (1) existence of a valid contractual relationship, (2) the interferor's knowledge of the relationship, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relations have been disrupted, and (5) that the defendant acted improperly. *Safeway Ins. Co. v. Guerrero*, 210 Ariz. 5, 10, ¶ 14, 106 P.3d 1020, 1025 (2005). Here, PEDCO alleged UTT wrongfully obtained the list of PEDCO members' names and addresses, disseminated false or misleading information about PEDCO and its managers, solicited money from other members of PEDCO and the Managed Companies allegedly in violation of security laws, disrupted PEDCO's relations with its members and the Managed Companies, and caused at least one of the members to breach the operating agreements and made the performance of those agreements more burdensome and expensive.

¶14            We do not accept legal conclusions or unreasonable inferences alleged in the complaint as true. Here, PEDCO failed to allege facts amounting to any improper act on the part of UTT. On this record, PEDCO did not point out any statement in the Letters or elsewhere that was false or misleading. And PEDCO did not allege any facts to suggest that UTT breached the PEDCO operating agreement or violated any law. UTT did not wrongfully obtain the list of members as PEDCO itself sent the list to UTT and, more importantly, as members themselves, the Five Members have a right to the list under A.R.S. § 29-607 and the terms of the operating agreement. *See* A.R.S. § 29-607(A)(1) & (B)(1) (requiring an LLC to maintain record of a current list of members and their mailing addresses, and to allow each member to inspect and copy its records). Under the same provisions in the statute and the operating agreement, the Five Members also have the right to examine financial records. *See* § 29-607(A)(1) & (B)(1) (requiring an

LLC to allow its members to inspect its financial records). Moreover, asking other members to help cover the anticipated cost of the arbitration proceedings does not, as a matter of law, constitute issuance of securities, and was not improper. *See* A.R.S. § 44-1801(26) (defining security as any note, stock, bond, or any other similar instrument indicating such an interest). Therefore, the trial court correctly concluded that PEDCO is not entitled to relief under count 1.[5]

**¶15** As for count 2, PEDCO sought injunctive relief to enjoin UTT from committing further improper acts, such as sending letters like the June 16 and July 1 Letters. Because the trial court correctly concluded that PEDCO had not asserted a cognizable claim against UTT, it correctly concluded that PEDCO is not entitled to relief under this count, either.

**¶16** Lastly, as for count 3, PEDCO sought a declaratory judgment, declaring UTT is not a member of PEDCO. Whether UTT is a member of PEDCO is not a contested issue as UTT does not purport to be a member of PEDCO. Although the Letters bore the UTT letterhead, the Five Members always referred to themselves as members of PEDCO in the Letters. Therefore, count 3 also fails.

**¶17** Accordingly, the trial court did not err in dismissing PEDCO's complaint for failure to state a claim upon which relief can be granted.

### III. *Attorneys' Fees*

**¶18** UTT requests attorneys' fees on appeal, arguing PEDCO's appeal lacks substantial justification under A.R.S. § 12-349 and fails to comply with the appellate rules on citing the record and obtaining transcripts of relevant hearings.[6] The statute provides:

> A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney[s'] fees, expenses and, at the court's discretion,

---

[5] As we find PEDCO has failed to demonstrate any improper conduct by UTT, we need not further analyze other elements of Count 1.

[6] PEDCO failed to obtain the transcript of the hearing on the motion and to include it in the record. Although eventually having attached the transcript to its reply brief, PEDCO maintains the transcript is unnecessary for us to consider its appeal.

double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

2. Brings or defends a claim solely or primarily for delay or harassment.

3. Unreasonably expands or delays the proceeding.

4. Engages in abuse of discovery.

. . .

F. For the purposes of this section, "without substantial justification" means that the claim or defense is groundless and is not made in good faith.

A.R.S. § 12-349(A) & (F).

¶19        As the trial court correctly observed, PEDCO filed various lawsuits, including the present one, to silence the Five Members. The appeal lacked substantial justification, and in the exercise of our discretion we therefore award UTT its costs and reasonable attorneys' fees on appeal, subject to compliance with ARCAP 21.

## CONCLUSION

¶20        The trial court's order granting UTT's Motion to Dismiss is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : jt