**CITY OF PHOENIX, ARIZONA,**
**Plaintiff,**

v.

**GARBAGE SERVICES COMPANY,**
**an Arizona corporation; et al.,**
**Defendants.**

**No. C 89–1709 SC.**

United States District Court,
D. Arizona.

Jan. 19, 1993.

---

Roderick G. McDougall, City Atty., Craig J. Reece, Asst. City Atty., Christopher Thomas, Mark E. Freeze, Squire, Sanders & Dempsey, Phoenix, AZ, for plaintiff.

Charles W. Jirauch, Karen A. Potts, Dawn R. Gabel, Streich Lang, P.A., Phoenix, AZ, for Valley Nat. Bank.

## ORDER RE PARTIAL SUMMARY JUDGMENT

CONTI, District Judge.

## I. INTRODUCTION

This is an action filed by the City of Phoenix pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). The City of Phoenix seeks to recover response costs it incurred in cleaning up a contaminated landfill site.

Defendant Valley National Bank ("VNB") now moves for partial summary judgment on the ground that VNB was not an "owner or operator" of the landfill as required by CERCLA. The City of Phoenix has filed a cross-motion for summary judgment on the same issue.

## II. FACTS

Wilbur Calvin Estes was the owner of a landfill site located in the bed and on the south bank of the Salt River between 40th and 48th Streets in Phoenix, Arizona (the "Landfill"). On April 22, 1965, Mr. Estes conveyed the Landfill to Mr. and Mrs. Paul Van Leer and Mr. and Mrs. John Latimore. However, Mr. Estes retained an option to repurchase the Landfill.

Mr. Estes died testate on December 25, 1965. His will nominated VNB as executor, and VNB agreed to assume the role. The will also provided for a testamentary trust, and conveyed the balance of Mr. Estes' property to VNB "as trustee." VNB, acting on behalf of Mr. Estes' estate, exercised the option to purchase the Landfill on March 22, 1966. A warranty deed conveyed the property to VNB "as trustee."

At the time VNB purchased the Landfill, the site was being managed as a landfill by Garbage Services Company ("GSC"). VNB continued the practice of leasing the site to GSC. GSC managed and administrated the Landfill for the next six years, after which time the Landfill was closed and the site unused. Throughout that time, VNB paid the property taxes on the site, and also procured liability insurance for the Landfill.

In 1980, the City of Phoenix initiated condemnation proceedings by which it eventually acquired the entire Landfill.[1] The Final Judgment of Condemnation (Second Amended) found that "defendant Valley National Bank of Arizona, as trustee under [Estes's will], is record owner [the Landfill]."

In 1989, the City of Phoenix filed this action to recover response costs incurred in cleaning up hazardous substances deposited

while the Landfill was an asset of Mr. Estes' estate. VNB now moves for summary judgment on Counts I and II of the City's First Amended Complaint. VNB contends that, as a matter of law, VNB was not an "owner or operator" of the landfill site as required by CERCLA. The City of Phoenix has filed a cross-motion for summary judgment on the same Counts, arguing that, as a matter of law, VNB was an "owner" under CERCLA, and that previous litigation involving the landfill site collaterally estops VNB from contesting ownership of the landfill in this action.

## III. SUMMARY JUDGMENT STANDARD

■ Summary judgment is proper if, after viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.1988). The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ If, however, the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to produce evidence sufficient to support a jury verdict in his favor. *Id.* at 255, 106 S.Ct. at 2513–14. To meet this burden, the non-moving party must go beyond the pleadings and show "by her own affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

Section 107 of CERCLA imposes liability on any "owner or operator" of a facility for the costs incurred in cleaning up hazardous substances. 42 U.S.C. § 9607.

---

1. Portions of the site had been acquired by the City of Phoenix and the State of Arizona in

earlier condemnation proceedings.

## A. *VNB's Liability as an Operator of the Landfill*

VNB, in its motion for summary judgment, contends that as a matter of law it is not an "operator" of the Landfill under CERCLA.

 The Ninth Circuit recently stated that "'operator' liability under CERCLA only attaches if the defendant had the authority to control the cause of the contamination at the time the hazardous substances are released into the environment." *Kaiser Aluminum & Chemical Corp. v. Catellus Development Corp.*, 976 F.2d 1338, 1341 (9th Cir. 1992). The court in *Kaiser Aluminum* relied on *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 861 F.2d 155 (7th Cir.1988). The court characterized *Hines* as holding that a defendant was not liable as an "operator" under CERCLA because he "had no authority to control the day-to-day operation of the plant." *Kaiser Aluminum*, at 1341.

 The City of Phoenix contends that VNB's alleged status as trustee gave VNB "authority to control" the Landfill, making it liable under *Kaiser Aluminum*. For its part, VNB contends that *Kaiser Aluminum* requires not just mere authority to control the property, but actual participation in the day-to-day operation of the facility.[2]

This court reads *Kaiser Aluminum* as holding that, under CERCLA, liability as an "operator" attaches only where the defendant had control over the day-to-day management and administration of the facility. In the case at bar, undisputed evidence shows that VNB was not involved at all in the day-to-day administration of the Landfill. VNB did not enter into or negotiate contracts for the disposal of wastes at the landfill; such matters were handled entirely by GSC. VNB did not know the identity or the nature of GSC's customers. VNB's communication with GSC's personnel was limited to matters involving Estes' estate, such as tax questions, and not the operation of the Landfill. Accordingly, the court holds that VNB is not liable as an "operator" under CERCLA.

## B. *VNB's Liability as an Owner of the Landfill*

### 1. The Liability of Trustees under CERCLA

In order to decide this motion, it is necessary to answer the question of whether a trustee, as the holder of legal title to property, may be held liable under CERCLA for cleanup costs as an "owner" even though he played no role in the contamination of the property.

 It is beyond dispute that there is no culpability requirement for ownership liability under CERCLA. *See Nurad, Inc. v. Hooper & Sons Co.*, 966 F.2d 837, 846 (4th Cir. 1992) ("The trigger to liability under § 9607(a)(2) is ownership or operation of a facility at the time of disposal, not culpability or responsibility for the contamination."); *United States v. Monsanto*, 858 F.2d 160, 168 (4th Cir.1989), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989) ("The traditional elements of tort culpability ... simply are absent from the statute."). The only issue, then, is whether a trustee's status as holder of legal title makes the trustee an "owner" under CERCLA.

The legislative history to CERCLA seems to take for granted that any titleholder is an "owner" under the statute. The House Report on the legislation states that "'[o]wner' is defined to include not only those persons who hold title to a ... facility, but those who, in the absence of holding a title, possess some equivalent indicia of ownership." H.R.Rep. No. 172, 96th Cong., 2d Sess. 36, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6119, 6160, 6181. In addition, commentators uniformly agree that the term "owner" under CERCLA includes trustees who hold legal title only. *See* Denise Rodosevich, *The Expansive Reach of CERCLA Liability: Potential Liability of Executors of Wills and Inter Vivos and Testamentary Trustees*, 55 Alb.L.Rev. 143, 173 (1991); *see also* Joel Moskowitz, *Trustee Liability Un-*

---

2. Although *Kaiser Aluminum* was decided after the instant motions were taken under submission, the parties asked for leave to brief the court on this and other recent cases. Leave is hereby granted, and the parties' supplemental briefs are deemed filed. These supplemental briefs are considered by the court in deciding these motions.

*der CERCLA,* 21 Envtl.L.Rep. (Envtl.L.Inst.) 10003 (1991).

The single exception to titleholder liability found in the statute exempts lenders who hold "indicia of ownership primarily to protect [their] security interest." 42 U.S.C. § 9601(20)(A). This is further evidence that Congress intended the term "owner" to have the broadest possible meaning.

Also, the Environmental Protection Agency's ("EPA") interpretation of CERCLA provisions is entitled to considerable deference by this court. The EPA's practice seemingly is to argue that trustees are "owners" within the meaning of CERCLA. *See Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 921 (10th Cir.1992) (EPA sent formal notice to trustee informing him of potential liability).

■ VNB claims, however, that EPA takes the position in a proposed rule that "innocent trustees or fiduciaries are not liable under CERCLA." 57 Fed.Reg. 18343, 18349 (1992) (to be codified in 40 C.F.R. §§ 300.100 and 300.1105). VNB misstates the EPA's position. The EPA's proposed rule deals with the liability of secured creditors only. It is not controlling where a trustee is not also a secured creditor. Indeed, the preamble to the proposed rule states that it "does not address trustees because neither the ... security interest exception nor any other section of CERCLA makes any special provision for trustees." 57 Fed.Reg. at 18349.

The only court that has squarely considered the question held that a trustee is an owner under CERCLA. *United States v. Burns,* No. C–88–94–L, 1988 U.S.Dist. WESTLAW 242553, at *2 (D.N.H. Sept. 12, 1988). In that case, the defendant was both trustee and beneficiary of the trust that owned the contaminated site. The court

could have disregarded the trust because the defendant was both trustee and sole beneficiary, but it chose not to do so. Instead, the court based its decision on the ground that the defendant "as trustee, held legal title to the property and under trust law could be liable for obligations as the owner of the property." *Id.* (citing III Scott on Trusts §§ 265, 265.1 (3d ed. 1985)).

This court holds that a trustee is an "owner" for the purposes of Section 107 of CERCLA, even though the trustee may hold only bare legal title.[3] It may seem unjust to subject trustees that are not involved in the contamination of the property to liability for cleanup that, in some cases, may far exceed the value of the trust's assets. But, as mentioned above, a defendant's degree of culpability has nothing to do with owner/operator liability under CERCLA. If Congress had meant to exempt uninvolved trustees from liability as "owners" under CERCLA, it would have said so in the statute.

### 2. VNB's Status as Trustee

■ Though VNB concedes that it acted as a "fiduciary" of Mr. Estes' estate, it argues that it never accepted the position of trustee of the testamentary trust contemplated by Mr. Estes' will. The City of Phoenix argues that the positions taken by VNB in the condemnation proceedings collaterally estop VNB from denying that it was trustee.

During the 1980 condemnation action,[4] VNB's ownership was contested by Mary Rose Estes. The original judgment of the court provided that both Mary Rose Estes, as trustee, and VNB, as trustee, were record owners of the Landfill. VNB filed a motion for relief from judgment on the ground that "VNB, as Trustee, is record owner by earlier deed." Mrs. Estes filed a written opposition to VNB's motion. The court ruled in favor of

---

3. The court does not believe that this holding is inconsistent with this court's Memorandum and Order dated April 4, 1991 (Rosenblatt, J.). That Order held only that VNB could not be held liable as a trustee without further evidence of its status as trustee in addition to the warranty deed. *See* Order at 4–5. To the extent that the prior Order contains language implying that a trustee is not an owner under CERCLA by virtue

of legal title only, the City's motion to reconsider the Order is granted.

4. The court in deciding the City's cross-motion relies only on the preclusive effect of the 1980 condemnation proceedings. The court expresses no opinion on the preclusive effects of the earlier proceedings in which the City and the State of Arizona condemned portions of the site.

VNB and modified its judgment to show VNB, "as trustee," as sole owner of record.

This is a textbook example of an appropriate situation for the application of collateral estoppel. VNB was a party to the condemnation proceeding, albeit as a fiduciary to Mr. Estes estate. Because the proceeds of the condemnation action were at stake, VNB had the incentive to adequately and fully litigate the issue on behalf of the trust beneficiaries. The issue of ownership as trustee was squarely decided by the court, which held that VNB was the record owner of the Landfill, meaning the holder of legal title. Thus, VNB is collaterally estopped from relitigating the issue in this action.

VNB claims that collateral estoppel cannot be applied in this case because VNB was a party to the previous action only as a fiduciary. VNB argues that it did not have incentive to fully and fairly litigate the issue in the condemnation proceedings because its corporate assets were not at stake. This argument is plainly false; if VNB did not fully litigate the issue in the condemnation proceedings, it would have breached its fiduciary duty to the trust beneficiaries. VNB's corporate assets would have been recoverable, and VNB surely knew this fact. Thus, VNB had the incentive to fully litigate the issue in the condemnation proceedings, and collateral estoppel is appropriate.

The court holds that VNB, as trustee of Mr. Estes' estate, held legal title to the Landfill. For the reasons set forth above, this makes VNB liable as an "owner" under Section 107 of CERCLA.

## V. CONCLUSION

The court holds that VNB is not liable under CERCLA as an "operator" of the Landfill. However, VNB is liable under CERCLA as an "owner" of the Landfill because as trustee of Mr. Estes estate, VNB held record title to the Landfill.

In accordance with the foregoing, it is hereby ORDERED that:

VNB's motion for partial summary judgment is DENIED;

The City of Phoenix's cross-motion for partial summary judgment is GRANTED.

IT IS SO ORDERED.