882 P.2d 1291

**Ronald John SMITH, an Underwriter at Lloyd's London, et al., Plaintiffs/Appellees,**

v.

**The TUCSON AIRPORT AUTHORITY, a corporation, and the City of Tucson, a municipality, Defendants/Appellees,**

and

**Barbara Valenzuela, and approximately 1900 Plaintiffs-in-Intervention, et al., Plaintiffs-in-Intervention/Appellants.**

No. 2 CA–CV 93–0204.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 17, 1994.

Review Granted Nov. 9, 1994.

Mitten, Goodwin & Raup by R.C. Mitten, Edward R. Glady and Donald F. Froeb, Phoenix, Lesher & Williams by Robert O. Lesher, Tucson, Gust Rosenfeld by H. William Fox and Peter Collins, Jr., Phoenix, for plaintiffs/appellees.

Baron & Budd by Frederick M. Baron, Jane Saginaw and Janice Robinson, Dallas, TX, Gonzales & Villarreal by Richard J. Gonzales, Tucson, Anderson Kill Olick & Oshinsky by Jerold Oshinsky and Nancy Markowitz, Washington, DC, for plaintiffs-in-intervention/appellants.

*OPINION*

LIVERMORE, Presiding Judge.

Trichloroethylene (TCE), an industrial solvent, was used by various lessees of Tucson Airport Authority (TAA). Disposal of the solvent on airport property ultimately contaminated groundwater and injured many southside Tucson residents. They brought suit against TAA and the City of Tucson.

The defendants tendered the defense to their insurers who agreed to defend under a reservation of rights. The defendants then settled the case for $35,000,000, the settlement agreement providing that recovery would only be sought against the insurers. Plaintiffs intervened in the insurers' declaratory judgment action. The insurers prevailed by way of summary judgment in that action on the ground that no coverage existed because TAA and the City were not liable for the actions of their lessees in disposing of TCE. Because we believe this ruling violates *United Services Automobile Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987), we reverse.

The *Morris* case held that an insured being defended under a reservation of rights could settle the case to protect itself from personal liability. By such a settlement the insurer would lose its ability to contest liability, but it would retain the right to contest coverage and to further contest whether the settlement was reasonable and prudent. The policies in the present case required payment to TAA and the City of those sums the insureds were "legally obligated" to pay for bodily injuries resulting from airport operations. The insurers contend, and the trial court agreed, that legal obligation is a coverage issue. We conclude, however, that whether TAA and the City were "legally obligated" is a liability question, not a coverage question. In evaluating before trial if liability will be found to exist, a party and its insurer must assess what the evidence shows, how it is likely to be viewed by the trier, and what existing or potential body of law might be applied by the courts. Here, that TCE contaminated groundwater seemed clear and that the TCE came from the activities of TAA lessees was fairly inferable. Whether TAA and the City should be held liable for the activities of their lessees was more problematic given the long-standing rule that the tenant, not the landlord, was liable for activities on the demised premises that caused injury. Nonetheless there was a substantial risk of liability because TAA itself maintained the landfill in which much of the TCE was dumped and because of the risk that strict liability would be imposed. See, e.g., *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876 (Mo. 1985); *State v. Ventron Corp.*, 94 N.J. 473, 468 A.2d 150 (1983). See also *City of Phoenix v. Garbage Services Co.*, 816 F.Supp. 564 (D.Ariz.1993).

We hold, in short, that "liability" under *Morris* includes not only how the trier will view the facts but also how the court will apply the law. Both aspects of risk must be evaluated in determining whether a settlement is reasonable and prudent, an issue that survives the settlement where the carrier defends under a reservation of rights.[1] What is foreclosed is the right to claim that no liability existed in the original case and thus no coverage exists in this case. Of course, if the original case was a clear non-liability case as the insurers now contend, it is hard to understand why they chose to defend under a reservation of rights. Such reservations are hardly necessary where there is no risk. If there is risk, the insurers may protect themselves with a reservation but only at the expense of allowing their insureds the right to protect themselves by settlement.

Reversed.

LACAGNINA and FERNANDEZ, JJ., concur.

---

1. The parties at oral argument agreed that a hearing on the reasonableness of the settlement has not been held. At such a hearing the insurers can attempt to persuade the trier that the settlement was unreasonable in light of the minimal risk of liability being imposed.