918 P.2d 1063

**TUCSON AIRPORT AUTHORITY, a nonprofit corporation, Plaintiff/Appellant,**

v.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and Various London Market Insurance Companies subscribing to policy nos. 75ZW1770, 76ZW1770, 77ZW1770, AW177078, AW177079, AW177080, AW177081, AW177082, AW177083, AW177084, AW177085, and AW177086; Associated Aviation Underwriters; Federal Insurance Company; United States Aviation Underwriters, Inc.; United States Aircraft Insurance Group, an unincorporat-**

ed association of insurance carriers; United States Fidelity & Guaranty Company, a representative insurer of USAIG; the Aetna Casualty and Surety Company, a representative insurer of USAIG, Defendants/Appellees.

No. 2 CA–CV 95–0052.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 4, 1996.

Review Denied June 19, 1996.*

Anderson, Kill, Olick & Oshinsky by David A. Paige, Tucson, for Plaintiff/Appellant.

Gust Rosenfeld by H. William Fox and Peter Collins, Jr., Phoenix and Tucson, for Associated Aviation Underwriters and Federal Insurance Company.

Mitten, Goodwin & Raup by R.C. Mitten, Edward R. Glady, Jr., and David F. Froeb, Phoenix, for United States Aviation Underwriters, Inc., United States Aircraft Insurance Group, United States Fidelity & Guaranty Company, and the Aetna Casualty and Surety Company.

Lesher & Lesher by Robert O. Lesher, Tucson, and Lord, Bissell & Brook by Gary Westerberg and Victoria Rohner, Chicago, IL, for Certain Underwriters at Lloyd's London, and Various London Market Insurance Companies.

## OPINION

FERNANDEZ, Judge.

Tucson Airport Authority (TAA) brought this bad faith claim against its insurers, alleging that they had breached their duty to treat TAA fairly. The insurers argued that their conduct was absolutely privileged and moved to dismiss the claim pursuant to Rule 12(b)(6), Ariz.R.Civ.P., 16 A.R.S. The trial court granted the motion and TAA appealed. We reverse.

A dismissal for failure to state a claim on which relief can be granted "disposes of the merits and takes *res judicata* effect [and f]or this reason ... [is] not favored." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 507–08, 744 P.2d 29, 34–35 (App.1987). The trial court should not grant a motion to dismiss unless it is "certain that plaintiffs can prove no set of facts which will entitle them to relief upon their stated claim." *Id.* at 508, 744 P.2d at 35. On review, we assume the truth of the allegations in TAA's complaint.

* Zlaket, V.C.J., of the Supreme Court, voted to grant all petitions for review.

*See Donnelly Constr. Co. v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292 (1984). We will affirm the trial court only if TAA could not be entitled to relief "under any set of facts susceptible to proof under the claims stated." *Id.* at 186, 677 P.2d at 1294.

## BACKGROUND

Several southside Tucson residents sued TAA and others for damages from injuries caused by groundwater contamination. The contamination was attributed to the disposal on airport property of trichloroethylene (TCE), an industrial solvent. The suit was settled for $35,000,000, the agreement providing that recovery would be sought only against the insurers. Those plaintiffs subsequently intervened in the insurers' pending declaratory judgment action (the insurers' coverage action) against TAA. The insurers moved for partial summary judgment against the intervenors, arguing that no coverage existed for the injuries because TAA was not liable for its lessees' disposal of TCE.

Before the insurers' coverage action was resolved, a class action, brought under the name of Bahrs, was filed against TAA and others. The action sought relief similar to the earlier suit. TAA tendered its defense to its insurers, who agreed to defend under a reservation of rights. TAA alleges that, at this point in the insurers' coverage action, the insurers "made threats ... and stated that TAA could lose its defense being provided by the insurers in the Bahrs (putative) class action were TAA and its attorneys [to] do anything to impede, frustrate or otherwise oppose the [i]nsurers' attempts to" contest coverage. TAA further alleges that the insurers said that TAA's defense in the Bahrs class action "would be jeopardized and could be withdrawn were TAA to take any action which the [i]nsurers viewed as constituting an admission of liability or fault by TAA." TAA complied with its insurers' instructions.

The insurers obtained partial summary judgments against the intervenors in the in-

surers' coverage action.[1] Arguing that the effect of these judgments was to relieve them from having to provide coverage for TAA in any lawsuit seeking damages for groundwater pollution, the insurers then moved to have these judgments declared *res judicata* both in the insurers' coverage action and in a second declaratory judgment action. This second coverage action had been filed by TAA against the insurers to determine the insurers' duty to defend TAA in the Bahrs class action. TAA alleges that, when it contested the *res judicata* motions, its insurers responded that TAA's failure to oppose the insurers' partial summary judgment motions and to appeal from the ensuing judgments in the insurers' coverage action cost TAA "all defense coverage and indemnity coverage for any and all third-party tort liability claims arising from groundwater contamination, including insurance coverage for the third-party liability claims presented against TAA in the Bahrs (putative) class action." TAA amended its declaratory judgment action to include this bad faith claim, alleging that its insurers had "violated their duties to reasonably balance their interests against the interests of their insured, TAA."

The insurers moved to dismiss, arguing that the alleged misconduct did not constitute bad faith and that, if it did, it was absolutely privileged under Arizona law. The trial court dismissed the claim without stating its reasons for doing so, and this appeal followed.

## BAD FAITH

We first decide whether TAA alleged facts sufficient to support a third-party bad faith claim. The gist of TAA's claim is that it was informed that its cooperation in the insurers' coverage action would ensure the availability of its defense in the Bahrs class action; it was then told that its defense was being withdrawn because it had cooperated. The insurers argue that actionable bad faith in third-party contexts is limited to failure to settle a claim within policy limits and wrong-

1. These judgments were reversed by this court in *Smith v. Tucson Airport Authority,* 180 Ariz. 165, 882 P.2d 1291 (App.1994). The Arizona Supreme Court granted, then denied review, then ordered that opinion depublished. *Smith v. Tucson Airport Authority,* 183 Ariz. 1, 899 P.2d 162 (1995).

fully refusing to defend. We believe that the insurers have confused the factual settings in which bad faith claims commonly arise with the rule itself. Our supreme court, after surveying Arizona third- and first-party cases, has held that

> one of the benefits that flow[s] from the insurance contract is the insured's expectation that his insurance company will not wrongfully deprive him of the very security for which he bargained or expose him to the catastrophe from which he sought protection. Conduct by the insurer which does destroy the security or impair the protection purchased breaches the implied covenant of good faith and fair dealing implied in the contract.

*Rawlings v. Apodaca*, 151 Ariz. 149, 155, 726 P.2d 565, 571 (1986).

Viewed in light of this standard, TAA's amended complaint adequately pled a cause of action for insurance bad faith. We do not measure the ultimate validity of the allegations and do not foreclose the possibility that the insurers might prevail on remand by contesting them. We simply conclude "that it does not appear 'beyond doubt that [TAA] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *Newman v. Maricopa County*, 167 Ariz. 501, 505-06, 808 P.2d 1253, 1257-58 (App.1991) (quoting 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1357 at 325).

## LITIGATION PRIVILEGE

■ The insurers nonetheless contend that even if the TAA complaint stated a cause of action, the claim is based on privileged statements made during pending coverage actions by the insurers' counsel. Whether the defense of privilege exists is a question of law. *Darragh v. Superior Court*, 183 Ariz. 79, 900 P.2d 1215 (App.1995). Assuming, without deciding, the privilege even applies in bad faith proceedings, we conclude it does not apply in the circumstances of this case. We are persuaded by the reasoning of the California Supreme Court in *White v.*

*Western Title Ins. Co.*, 40 Cal.3d 870, 221 Cal.Rptr. 509, 710 P.2d 309 (1985).[2] There, the court recognized the difference between a bad faith claim "based squarely on a privileged communication, such as an action for defamation, and one based upon an underlying course of conduct evidenced by the communication." *Id.* at 888, 221 Cal.Rptr. at 518, 710 P.2d at 318. Applying that distinction, the litigation privilege would preclude the former action but would not bar evidence of the communications to prove the latter.

The *White* court noted that

> it is not unusual for an insurance company to provide policy benefits, such as the defense of litigation, while itself instituting suit to determine whether and to what extent it must provide those benefits. It could not reasonably be argued under such circumstances either that the insurer no longer owes any contractual duties to the insured, or that it need not perform those duties fairly and in good faith.

*Id.* at 885-86, 221 Cal.Rptr. at 517, 710 P.2d at 317. *See Pacific Gas and Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 270 Cal.Rptr. 1, 791 P.2d 587 (1990).

■ The gravamen of TAA's bad faith claim is not a communication, but a course of "wrongful and tortious" conduct evidenced by the insurers' actions and communications during the coverage actions. Furthermore, TAA's claim does not assail a pleading but instead alleges that its insurers followed a course of conduct in which they failed to perform their duties fairly and in good faith. To be sure, the insurers in this case, unlike those in *White*, do not contend that the filing of the coverage actions erased their duties of good faith and fair dealing. The duties nonetheless would be rendered meaningless if, as we understand these insurers to argue, the litigation privilege could be employed to excuse a breach of those duties, which occurs as part of the conduct of a coverage action.

We hold, therefore, that in the circumstances presented in this case, TAA suffi-

---

**2.** *White* addressed a title insurer's liability for having negligently conducted a title search. The cause of action there was subsequently eliminated by Cal.Ins.Code § 12340.11 (West 1988), but *White's* holding remains good law in that state. *E.g., West American Ins. Co. v. Freeman*, 37 Cal. App. 4th 1469, 44 Cal.Rptr.2d 555 (1995).

ciently pled a bad faith claim that is based on unprivileged conduct by its insurers. Accordingly, the trial court erred by dismissing TAA's bad faith claim in its second amended complaint.

The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

PELANDER and HATHAWAY, JJ., concur.