**Marvin LORY, a single person, Plaintiff—Appellant,**

v.

**FEDERAL INSURANCE COMPANY, Defendant—Appellee.**

No. 03–16008.

D.C. No. CV–02–01742–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Jan. 20, 2005.

Keith B. Forsyth, Herman, Goldstein & Forsyth, P.C., Phoenix, AZ, for Plaintiff–Appellant.

Robert J. Bruno, Sanders & Parks PC, Phoenix, AZ, for Defendant–Appellee.

Before O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

MEMORANDUM***

Marvin Lory appeals the district court's order granting Federal Insurance Company's ("Federal") motion to dismiss the Complaint pursuant to Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and denying his motion to file an amended complaint. Lory contends that his complaint was not barred by the statute of limitations because the continuing acts of bad faith after the initial denial of coverage triggered additional dates for the accrual of his claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

Federal provided a policy of property insurance to its insured, American Pepper

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Supply Company, Inc. ("American Pepper"), who is not a party to this lawsuit.[1] American Pepper filed an insurance claim arising out of an alleged theft of equipment, which was denied by Federal on November 19, 1997. Thereafter, Lory, an employee of American Pepper, filed a complaint against Federal on May 10, 2002, in the Arizona Superior Court (subsequently removed to the United States District Court for the District of Arizona). The complaint alleges that Federal unreasonably denied the theft-loss claim of American Pepper in bad faith and "baselessly accused [him] of intentionally and wrongfully misrepresenting the facts of American Pepper's claim. [Federal] accused [Lory] of fraud." (Compl. at ¶ 6). Lory argues that Federal not only breached its covenant of good faith and fair dealing, but also intentionally inflicted emotional distress, and caused physical injury on him. The complaint does not specify when the alleged breach and tort occurred. However, in response to Federal's motion to dismiss, Lory asserted the bad faith conduct began in 1997. Lory further alleged that Federal treated him outrageously since 1997, which ultimately led to his heart attack sometime after May 2000.

The district court granted Federal's motion to dismiss the complaint based on the statute of limitations. The district court also concluded that any potential claims within the limitations period, would be barred by the "litigation privilege." As the district court dismissed the complaint on these grounds, it did not address whether Lory had standing to bring a claim for bad faith against Federal. The district court denied Lory's request for

leave to amend the complaint on grounds of futility.

We review *de novo* the district court's order granting a motion to dismiss for failure to state a claim. *See Shaver v. Operating Eng'r Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir.2003). We must accept as true all material allegations of the complaint, along with all reasonable inferences therein. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001).

A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal is only proper where there is no "cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro,* 250 F.3d at 731.

## I. Statute of Limitations

It is undisputed that under Arizona law, the applicable period of limitations for both claims—breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress—is two years. Ariz.Rev.Stat. Ann. § 12–542. It is further clear that any alleged causes of action initially accrued in November 1997, when Federal denied American Pepper's insurance claim. Lory concedes that any claims relating to that denial, or any other acts occurring before May 2000 are time barred. However, Lory argues that Federal's conduct after May 2000, including its conduct during its litigation with American Pepper, gave rise to subsequent causes of action for bad faith and intentional infliction of emotional distress which are not

---

1. American Pepper initiated a cause of action against Federal for breach of contract and insurance bad faith. The trial court granted summary judgment on the bad faith claim, and the breach of contract claim proceeded to trial. A jury awarded American Pepper $14,000 and Federal has appealed that judgment.

time barred. We disagree.[2]

## II. Breach of Good Faith and Fair Dealing Covenant

The district court correctly held that any claimed breaches of the good faith and fair dealing covenant arising after May 2000 should be dismissed. Nevertheless, we will affirm the order of dismissal on other grounds. *See e.g., Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995) ("We may affirm the decision of the district court on any basis which the record supports."). Rather than considering the scope of the litigation defense, we will affirm the dismissal of this claim based on Lory's lack of standing.

The law implies a covenant of good faith and fair dealing in almost every contract.[3] *See Wagenseller v. Scottsdale Mem'l Hosp.,* 147 Ariz. 370, 710 P.2d 1025, 1038 (1985) (superceded by statute in other respects). The purpose of the covenant is to ensure that neither party to the contract prevents the other party from receiving the benefit intended. *See Rawlings v. Apodaca,* 151 Ariz. 149, 726 P.2d 565, 571 (1986) (en banc). In the context of an insurance contract, the Supreme Court of Arizona explained that the agreement "contain[s] more than the company's bare promise to pay certain claims when forced to do so; implicit in the contract and the relationship is the insurers' obligation to play fairly with its insured." *Id.* at 571.

The duty of good faith and fair dealing arises by virtue of a contractual relationship. *See id.* at 570. Only the insured and perhaps an express intended beneficiary has standing to enforce this covenant. Under Arizona law, a third party to a contract can recover under the contract only if he is a primary beneficiary under its terms:

> The Arizona rule is that in order for a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself ... The contemplated benefit must be both intentional and direct ... and it must definitely appear that the parties intend to recognize the third party as a primary party in interest.

*Nahom v. Blue Cross and Blue Shield of Arizona,* 180 Ariz. 548, 885 P.2d 1113, 1117 (1994) (quoting *Irwin v. Murphy,* 81 Ariz. 148, 302 P.2d 534 (1956)) (internal citations omitted). A stranger to an insurance contract cannot maintain a cause of action for bad faith. *See id.*[4]

---

2. We need not decide when the statute of limitations began to run on Lory's claim for conduct during litigation, because those claims must fail as a matter of law even if not barred by the statute of limitations.

3. We note that under certain circumstances, a breach of contract claim, including breach of the covenant of good faith and fair dealing, may provide the basis for a tort claim. However, in this memorandum disposition, we do not distinguish between tort and contract claims as each type is limited by the contractual relationship. Where a party lacks standing to bring a contract claim, he will certainly lack standing to bring a tort claim, which may require the additional showing of a "special relationship." *See Rawlings v. Apodaca,* 151 Ariz. 149, 726 P.2d 565 (1986) (en banc).

4. Lory's reliance on *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust,* 201 Ariz. 474, 38 P.3d 12 (2002) (en banc), before the district court, to state a contrary rule is misplaced. In that case, the pension funds who were named in the triparty contract with the bank and the borrower brought a bad faith action against the bank. Standing was therefore not an issue: "[T]he bank ... was directly and contractually involved in the transaction with the Funds via the Triparty Agreement ... [which] is the lynchpin of the Fund's claim of bad faith." *See id.* at 29.

■ Here, the insurance contract between Federal and American Pepper clearly included an implied covenant of good faith and fair dealing. However, the covenant only runs to and from Federal and American Pepper, not Lory in his individual capacity as an employee of American Pepper. The covenant does not extend to Lory as he is neither the insured nor a direct intended beneficiary under the contract. The mere employment relationship between Lory and American Pepper does not give Lory the right, as a third party beneficiary, to enforce the insurance contract provisions on his own behalf.

Lory's employment relationship, at most, makes him an incidental or remote beneficiary. Such status is insufficient to establish standing under Arizona law. Lory cannot maintain a cause of action against Federal for any breach of duty, express or implied, arising from the insurance contract. *See Fobes v. Blue Cross and Blue Shield of Arizona*, 176 Ariz. 407, 861 P.2d 692, 698 (1994) (holding that insurer owed no duty of good faith and fair dealing to insured's widow as she was neither a named insured nor an express direct third party beneficiary).

Lory lacks standing to maintain an action for breach of the implied covenant of good faith and fair dealing.

### III. Intentional Infliction of Emotional Distress

■ Any claim for intentional infliction of emotional distress[5] based on actions occurring during the course of litigation is barred by the litigation privilege. In holding that an attorney's conduct during judicial proceedings is absolutely privileged, the Supreme Court of Arizona explained:

> In the area of absolute privileges one of the most common is that involving the participant in judicial proceedings. The socially important interests promoted by the absolute privilege in this area include the fearless prosecution and defense of claims which leads to complete exposure of pertinent information for a tribunal's disposition. The privilege protects judges, parties, lawyers, witnesses, and jurors. The defense is absolute in that the speaker's motive, purpose or reasonableness in uttering a false statement do not affect the defense.

*Green Acres Trust v. London*, 141 Ariz. 609, 688 P.2d 617, 621 (1984) (en banc) (internal citations omitted). Whether the privilege exists is a question of state law for each state to decide. *See Darragh v. Superior Court for the County of Maricopa*, 183 Ariz. 79, 900 P.2d 1215, 1217 (1995).

Although not stated in his initial complaint, Lory articulated and made clear the basis for his post May 2000 emotional distress claim during oral argument before the district court. He asserted that Federal's outrageous conduct occurred during the litigation brought by American Pepper in 1998. Specifically, he alleged that Federal continued to refuse payment of insurance benefits despite the jury award and decided to appeal the jury verdict. The claim is based on statements made and actions taken during pending judicial proceedings.

The district court explained that Lory "offered no authority to support [the] argument that mere refusal to pay a disput-

---

**5.** Under Arizona law, an intentional infliction of emotional distress claim must be based on outrageous conduct that is "so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atlantic Systems Leasing*, 183 Ariz. 550, 905 P.2d 559, 563 (1995) (internal citations omitted).

ed property insurance claim while it is [the] subject of ongoing litigation might subject [Federal] to liability to the insured's employee for ... intentional infliction of emotional distress." (D. Ariz. Order, Apr. 24, 2003, at 5). The district court concluded that the allegations did not fall outside of the litigation privilege and are barred.

On appeal, Lory asserts that he can maintain a cause of action for intentional infliction of emotional distress based on the conduct of Federal during litigation. He argues that the exception to the litigation privilege for a bad faith claim applies to an intentional infliction of emotional distress claim. He has not cited any authority for such an expansion. On the contrary, one of the main cases he relies on, *Tuscon Airport Authority v. Certain Underwriters at Lloyd's London,* expressly limited its holding to *bad faith claims* based upon an underlying course of conduct evidenced by a privileged communication. 186 Ariz. 45, 918 P.2d 1063, 1066–67 (1996). Lory's contention that the bad faith exclusion for insurance litigation applies to claims for intentional infliction of emotional distress is unsupported.

In light of the well-established litigation privilege, Lory's claim of intentional infliction of emotional distress fails to comprise a recognized cause of action. The absolute privilege protects parties, attorneys and witnesses to state anything at trial relating to, or connected with, the matters at issue. *See Linder v. Brown & Herrick,* 189 Ariz. 398, 943 P.2d 758, 766 (1997) (holding that claims of fraud and intentional infliction of emotional distress against opposing counsel fail to comprise a recognized cause of action). Lory's allegations clearly fall within the reach of the litigation privilege.

The litigation privilege bars Lory's claim for intentional infliction of emotional distress based on conduct occurring during the course of judicial proceedings.

## IV. Leave To Amend Complaint

We review for an abuse of discretion, a denial of a motion for leave to amend. *See United States v. Webb,* 655 F.2d 977, 980 (9th Cir.1981). When dismissing a complaint for failure to state a claim, district courts should liberally grant leave to amend. *Cook Perkiss & Liehe v. N. California Collection Serv., Inc.,* 911 F.2d 242, 247 (9th Cir.1990). In considering whether to grant leave to amend, four factors must be examined: bad faith, undue delay, prejudice to the opposing party, and futility. *See Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999).

Here, the district court denied leave to amend because any amendment would have been futile. We agree. The complaint was properly dismissed based on the running of the statute of limitations, lack of standing, and the litigation privilege. These defects could not be cured by the allegation of additional facts. *See Cook, Perkiss and Liehe, Inc.,* 911 F.2d at 242 (affirming denial of leave to amend based on futility because the advertisement was not a factual representation, it was mere puffery, and therefore was not actionable under the Lanham Act). Moreover, Lory has not asserted, either before the district court or this Court, any additional facts that could overcome these defenses. He has not submitted a copy of a proposed amendment. Accordingly, we cannot conclude that the district court abused its discretion in denying leave to amend.

For the foregoing reasons, we affirm the district court's order granting Federal's motion to dismiss the complaint for failure to state a claim and denying Lory's motion to amend the complaint.

**AFFIRMED.**